IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 19, 2009  Session

**STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES  v.
MARLOW WILLIAMS, ET AL.**

**Direct Appeal from the Chancery Court for Shelby County
No.  CH-06-0248-2     Arnold B. Goldin,  Chancellor**

---

**No.  W2008-02001-COA-R3-PT - Filed July 28, 2009**

---

**PARTIAL DISSENT**

---

HOLLY M. KIRBY, J., DISSENTING IN PART:

I fully concur in most of the analysis in the majority opinion.  However, I must respectfully dissent from its analysis under T.C.A. § 36-1-113(g)(9)(A)(iv).

Section 36-1-113(g)(9)(A)(iv) provides:

> (g)(9)(A)  The parental rights of any person who, at the time of the filing of a petition to terminate the parental rights of such person or, if no such petition is filed, at the time of the filing of a petition to adopt a child, is not the legal parent or guardian of such child or who is described in § 36-1-117(b) or (c) may also be terminated based upon any one (1) or more of the following additional grounds.
>
> * * *
>
> (iv)  The person has failed to manifest an ability and willingness to assume legal and physical custody of the child;

T.C.A. § 36-1-113(g)(9)(A)(iv) (2005).  This statutory provision applies to a person who, at the time the petition is filed, is neither the guardian of the child nor the legal parent.

Assuming the statute is applicable to a biological father such as Mr. Williams, then I disagree with the majority's conclusion that grounds under subsection (iv) were not established.  The statute applies to a "person" who is neither the guardian nor the legal parent of the child, and "applies only to cases in which no legal relationship between the parent and child has been established." ***Jones v. Garrett***, 92 S.W.3d 835, 839 (Tenn. 2002).  "By excluding legal parents from its grounds for termination, this statute affords legal parents a heightened level of legal protection concerning their parental rights." ***Id.***  Thus, the grounds for termination applicable to "persons" who have no legally

recognized relationship to the child are less stringent and less difficult to prove. ***See In re H.A.L.***, 2005 WL 954866 at *8-9; ***In re Adoption of S.T.D.***, 2007 WL 3171034 (Tenn. Ct. App. 2007).

The statute states expressly that grounds for termination are established if DCS proves that Mr. Williams "has failed to manifest an ability *and* willingness to assume legal and physical custody of the child." Thus, unless Mr. Williams, as someone with no legally recognized relationship with the child, has manifested both "ability and willingness" to take custody of the child, his parental rights may be terminated.

This is consonant with the overall intent of the parental termination statutes to give children permanency and not allow them to remain in foster care indefinitely. Here, we have no idea from the record when Mr. Williams will be released from prison. We know only that, as of the time of trial, Mr. Williams was incarcerated and could not assume legal custody of M.L.E.S.[1] The majority's interpretation of section 36-1-113(g)(9)(A)(iv) permits a person with no legally recognized relationship to the child and no ability to take custody to prevent the child from having a permanent home simply by saying, "If I were not incarcerated, I would love to parent this child." I respectfully disagree with this interpretation.

In all other respects, I concur with the majority opinion.

_____
HOLLY M. KIRBY, J.

---

[1] Of course, this ground could not be applied to a legal parent who was incarcerated at the time of trial.